IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                          CASE NO. 4:21-CR-00062-BSM

FREDRICK LEON BILLUPS, JR.                                                  DEFENDANT

## ORDER

Fredrick Leon Billups, Jr.'s pro se motion to vacate, set aside, or correct his sentence [Doc. No. 72] pursuant to 28 U.S.C. section 2255 is denied.

In 2006, Billups committed three robberies. Sentencing Mem. 1, Doc. No. 58. Fifteen years later, on March 3, 2021, Billups was indicted on a felon in possession of a firearm charge. Doc. No. 3. After the indictment was superseded, he pled guilty to being a felon in possession of ammunition and was sentenced to 180 months in prison under the Armed Career Criminal Act (ACCA). Doc. Nos. 46 & 62.

Billups moved for relief under *Erlinger v. United States*, 602 U.S. 821, 849 (2024) (establishing a right to a jury finding that predicate offenses occurred on separate occasions before a defendant can be sentenced under the ACCA) [Doc. No. 64], but that motion was denied because *Erlinger* does not apply retroactively. Doc. No. 69.

Billups is now moving for relief under 28 U.S.C. section 2225, asserting that his lawyer was ineffective at his sentencing hearing because she failed to argue that the jury did not determine that his prior offenses occurred on separate occasions. Mot. Vacate 3, Doc. No. 72.

To prevail on his claim of ineffective assistance of counsel, Billups must first show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Specifically, he must identify the acts or omissions of counsel that can be characterized as unreasonable professional judgment. *Id.* at 690. Then, it must be determined whether counsel's actions were outside the wide range of professionally competent assistance. *Id.* Billups's burden is very high because "[j]udicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 689–90; *see Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

If Billups could show that his lawyer's actions were deficient, he would still have to prove prejudice. *Strickland*, 466 U.S. at 694. This would require him to show that, but for his lawyer's errors, there is a reasonable probability the result of the proceeding would have been different. *Id.* The problem for Billups is that he cannot show deficient performance or prejudice.

Billups's claim is denied because *Erlinger* was not law at the time Billups was sentenced. Failing to make an argument that addresses an unsettled legal issue does not render counsel insufficient. *See Deck v. Jennings*, 978 F.3d 578, 583 (8th Cir. 2020); *see also Parker v. Bowersox*, 188 F.3d 923, 929 (8th Cir. 1999) (explaining that it is not objectively unreasonable for counsel to "fail[] to anticipate a change in the law"). *Erlinger* marked a substantial change in federal criminal procedure and Billups's lawyer did not fail

in her representation of him by not anticipating that change.

Further, *United States v. Stowell* was binding circuit precedent when Billups was sentenced. 82 F.4th 607 (8th Cir. 2023). In *Stowell*, the court recognized that a "multi-day gap" separating offenses "strongly supports a finding that [the defendant] committed them on separate occasions." *Id.* at 609; *see Wooden v. United States*, 595 U.S. 360, 370 (2022) (explaining that courts "have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart"); *see also United States v. Richardson*, 60 F.4th 397, 399 (7th Cir. 2023) (36 hours); *United States v. McCall*, No. 18-15229, 2023 WL 2128304, at *6 (11th Cir. Feb. 21, 2023) (per curiam) (two days).

Billups committed robberies on August 9, 2006, August 12, 2006, and August 18, 2006. In light of *Stowell*, Billups's lawyer conceded the separate-occurrences argument to focus on what she thought was Billups's stronger argument—that one of his offenses did not qualify as a predicate offense because it did not involve a threat. *See* Sentencing Mem. 3. That strategic decision, given the law at the time, was not unreasonable and Billups therefore cannot demonstrate deficient performance nor can he demonstrate prejudice given the underlying facts.

There is no need to conduct an evidentiary hearing because the record conclusively shows that Billups is not entitled to relief. *See Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014). Furthermore, no certificate of appealability is issued because Billups has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

For these reasons, Billups's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. section 2255 is denied.

IT IS SO ORDERED this 4th day of August, 2025.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE